IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

MARISOL RODRIGUEZ,                      )
                                        )
                 Plaintiff,             )
                                        )
vs.                                     )   Case Number CIV-19-1001-C
                                        )
PUTNAM CITY PUBLIC SCHOOL               )
DISTRICT, DISTRICT NO. OK-55-1001,      )
                                        )
                 Defendant.             )

## ORDER

Before the Court is Defendant's Motion for Summary Judgment. Although the time to respond has passed, Plaintiff has neither filed a response nor sought additional time to respond.[1] The Tenth Circuit has recently stated the procedure to be followed in this circumstance:

> To summarize, a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party. The district court must make the additional determination that judgment for the moving party is "appropriate" under Rule 56. Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion. The court should accept as true all material facts asserted and properly supported in the summary judgment motion. But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment.

---

[1] Plaintiff has filed a Motion for Extension of Time (Dkt. No. 14). However, even liberally read that document does not request additional time to respond to the present Motion.

Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). Following this standard, Defendant is entitled to entry of judgment in its favor.

Plaintiff filed the present action asserting claims for racial discrimination and retaliation. In the present motion, Defendant argues it is entitled to judgment, as Plaintiff cannot make a prima facie case of discrimination or retaliation.

Plaintiff's discrimination claims are premised on Title VII and 42 U.S.C. § 1981. Defendant argues that the undisputed material facts demonstrate three of the four elements of a prima facie case cannot be met. To make her prima facie case, Plaintiff must show that she (1) belongs to a minority group; (2) was qualified for the promotion; (3) was not promoted; and (4) that the position remained open or was filled. See Reynolds v. Sch. Dist. No. 1, Denver, Colo., 69 F.3d 1523, 1534 (10th Cir. 1995). Defendant's well-supported facts demonstrate that Plaintiff cannot meet the second, third, or fourth elements, as the position which Plaintiff argues provides the basis for her claims never existed. Defendant's facts demonstrate that there was discussion abut the creation of a new position and that Plaintiff expressed interest. However, funding was never obtained, and the position was never created. Defendant asserts that as a result, the failure to place Plaintiff in that position cannot be deemed discriminatory. The Court agrees. Defendant also provides undisputed facts demonstrating that Plaintiff never applied for another position she mentions as demonstrating discriminatory failure to promote. Thus, Defendant is entitled to summary judgment on Plaintiff's discrimination claims based on failure to promote.

Plaintiff asserts that she was subjected to a hostile work environment based on offensive comments and a policy prohibiting her from speaking Spanish. To proceed on a hostile environment claim, there must be evidence from which a jury could find that Plaintiff's "workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (internal quotation marks and citation omitted). Defendant's undisputed facts demonstrate that at most the comments of which Plaintiff complains were sporadic and/or not racially motivated. Thus, Plaintiff's claim fails on this issue.

As for the alleged prohibition on speaking Spanish, Plaintiff does not suggest that Defendant had a blanket English-only policy. Rather, her claim is that one person instructed her not to speak Spanish in front of her unless Plaintiff was speaking to a Spanish-only speaking parent. Thus, Defendant argues, to the extent Plaintiff's claim exists, it cannot proceed as Defendant's undisputed facts demonstrate a legitimate non-discriminatory basis for the action. See Olivarez v. Centura Health Corp., 203 Fed. Supp. 2d 1218, 1224 (D. Colo. 2002). Finally, Defendant has demonstrated that Plaintiff cannot demonstrate that she suffered any damage as a result of the alleged "forced" transfer to a different school. Defendant's undisputed facts demonstrate Plaintiff's wages did not change and she has claimed no other damage. Defendant is entitled to judgment on Plaintiff's hostile environment claim.

Finally, Defendant argues the undisputed material facts demonstrate Plaintiff cannot prevail on her retaliation claim. Indeed, the well-supported facts offered by Defendant demonstrate that for each of the alleged acts of retaliation, Plaintiff cannot establish a prima facie case.

> To establish a prima facie case of retaliation, a plaintiff must demonstrate (1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action.

Argo v. Blue Cross & Blue Shield of Kansas, Inc., 452 F.3d 1193, 1202 (10th Cir. 2006) (citations and footnote omitted). Each of Plaintiff's alleged acts of retaliation fails to satisfy one or more of these elements. Therefore, Defendant is entitled to summary judgment on Plaintiff's retaliation claim.

As set forth more fully herein, the undisputed facts demonstrate Defendant is entitled to judgment. Accordingly, Defendant's Motion for Summary Judgment (Dkt. No. 13) is GRANTED. Plaintiff's Motion to Enlarge Deadlines (Dkt. No. 14) is DENIED as moot. A separate judgment will issue.

IT IS SO ORDERED this 30th day of December, 2020.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge